

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| AARON HOCIN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:18-03584-MGL |
| | § | |
| | § | |
| ORANGE LAKE COUNTRY CLUB, INC., | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiff Aaron Hocin (Hocin) filed this action against Defendant Orange Lake Country Club, Inc. (OLCC), alleging wrongful termination in violation of public policy and intentional infliction of emotional distress (IIED).  The Court has diversity jurisdiction over the matter under 28 U.S.C. § 1332.

Pending before the Court is OLCC's motion to dismiss for failure to state a claim upon which relief can be granted.  Having carefully considered the motion, the response, the reply, the record, the parties' answers to the Court's interrogatories, and the applicable law, the Court will grant the motion.

## II.     FACTUAL AND PROCEDURAL HISTORY

Hocin began working for OLCC in March 2016 as a sales representative.  Complaint ¶ 5.  This case stems from a series of events that occurred between May 2018 and June 2018.  *Id.*  ¶¶ 11-18.  According to Hocin's complaint, another employee of OLCC assaulted and battered Hocin's pregnant wife (the incident) at a company party on May 30, 2018.  *Id.* ¶ 12.  On or about May 31, 2018, Hocin filed a police report regarding the incident, and reported it to OLCC's Human Resource Director.  *Id.* ¶¶ 13-14.

Hocin alleges members of OLCC's management team harassed, intimidated, and threatened him in an effort to get him to forget about the incident.  *Id.*  ¶ 17.  On or about June 9, 2018, OLCC terminated Hocin, allegedly for his refusal to withdraw the police report he had filed.  *Id.* ¶ 18.  No criminal charges have resulted from the incident to date.  Parties' Joint Response to Court's Interrogatories  ¶ 1.

Hocin thereafter filed this lawsuit against OLCC.  After OLCC filed the present motion to dismiss, Hocin filed a response in opposition, and OLCC filed its reply in support.  The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

## III.     STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 12(b)(6).

Rule 8(a) does not require "detailed factual allegations," but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007), to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).  A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 1130, 1134 (4th Cir. 1993).  The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Although the Court must accept the Plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need to be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  In sum, the factual allegation must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

## IV.    DISCUSSION AND ANALYSIS

### A.  *Whether Hocin states a plausible claim for a Wrongful Discharge in Violation of Public Policy cause of action*

OLCC's first argument is that the public policy exception to South Carolina's at-will employment doctrine Hocin relies on to support his wrongful discharge claim, for reporting a crime, is not cognizable.  South Carolina courts have recognized just two public policy

3

exceptions: (1) where an employer requires an employee, as a condition of continued employment, to break the law, and (2) where an employer's termination is itself illegal. *Taghivand v. Rite Aid Corp,* 768 S.E.2d 385, 389 (S.C. 2015). Any exception to the doctrine of at-will employment should generally originate from the General Assembly. *Id.*

Hocin posits two reasons why he thinks his termination is a violation of public policy. The Court will consider the arguments in turn.

### 1. Whether Hocin's termination is a violation of South Carolina's Criminal Code

Hocin contends he has stated a viable claim for wrongful termination in violation of public policy on the basis his termination is allegedly a violation of S.C. Code § 16-9-340. This statute is titled "Intimidation of court officials, jurors or witnesses" and appears in Article 4 of the criminal code, which is titled "Interference with Judicial Process." *See Garner v. Houck*, 435 S.E.2d 847, 849 (1993) (holding the title of a statute and heading of a section can be used to clarify ambiguity or doubt in a statute provided the interpretation does not undo or limit the plain meaning of the text).

The relevant portion of Section 16-9-340 states "it is unlawful for a person by threat or force to: (1) intimidate or impede a potential juror or witness," and makes it illegal to "(2) destroy, impede, or attempt to obstruct or impede the administration of justice in any court." *Id.*

In *Taghivand*, the employee was allegedly fired for reporting a crime after which he sued his employer, complaining of a violation of Section 16-9-340. *Taghivand*, 768 S.E.2d at 386-87. But, the South Carolina Supreme Court held Section 16-9-340 requires more than the reporting of a crime to protect an employee. *Id.* at 387 ("Without a more definite statement

from the General Assembly that the reporting of crime should be protected, we refuse to read such a policy into this statute.")

The court explained the statute was inapplicable inasmuch as the plaintiff "was not prevented by threat or force from participating in a legal proceeding." *Id*. The *Taghivand* court elaborated on this by stating, "the fallacy underlying Taghivand's argument is that his employer terminated him in response to the reporting of a crime, not to influence or impede his further involvement in any proceeding related to that crime." *Id*.

Hocin asserts OLCC's efforts to threaten him regarding his job in an attempt to "compel [him] to forget" the incident, Complaint ¶ 17, amounts to witness intimidation under Section 16-9-340. But, the plain language of the statute, coupled with the titles of the section and the article the statute appears under in the South Carolina code, shows it is inapplicable absent a legal proceeding. Thus, like the plaintiff in *Taghivand*, Hocin "was not prevented by threat or force from participating in a legal proceeding[,]"*Taghivand*, 768 S.E.2d at 387, inasmuch as there were no legal proceedings stemming from the incident. And, inasmuch as there were no legal proceedings rising from the incident, Hocin is not a witness under the statute. Consequently, his Section 16-9-340 claim must fail.

### 2. Whether Hocin's termination is a violation of the Victim's Bill of Rights in the South Carolina Constitution

Hocin also argues he has stated a valid claim for wrongful termination in violation of public policy inasmuch as he is a "victim" of the above-described alleged crime of his co-worker and of OLCC's violation of Section 16-9-340. Hocin contends it is South Carolina public policy to protect victims of crime, as evidenced by the Victim's Bill of Rights, and contained in the South Carolina Constitution, S.C. Const. Art. I § 24.

As is relevant here, the Victim's Bill of Rights defines "victim" as, among other individuals, "a person [and a person's spouse] who suffers direct or threatened physical, psychological, or financial harm as the result of the commission or attempted commission of a crime against him." *Id*. § 24(C)(2). "[V]ictims of a crime have a right to…be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse." *Id*. § 24(A)(1).

Assuming, but not deciding, Hocin is a victim under the Victim's Bill of Rights, he is unable to benefit from that status in this lawsuit for at least two reasons. First, South Carolina courts have declined to apply the Victim's Bill of Rights in civil cases. See *Huffman v. Sunshine Recycling, LLC*, 826 S.E.2d 609, 618 (2019) ("[T]he incidents in which the appellate courts of this state have referred to the Victims' Bill of Rights have all occurred in a criminal setting, not a civil one as in the instant case.")

And second, inasmuch as a victim's rights under the Victims' Bill of Rights terminate when the criminal proceeding and the post-conviction actions against the alleged perpetrator are resolved, *Ex parte Littlefield*, 540 S.E.2d 81, 85 (2000), it necessarily follows the Victim's Bill of Rights do not come into play here inasmuch as there were no criminal proceedings.

In sum, neither S.C. Code § 16-9-340 nor the Victim's Bill of Rights provide Hocin with a valid public policy exception argument. Accordingly, the Court will dismiss this claim.

## B. *Whether Hocin is able to prove the elements of a claim for IIED against OLCC*

OLCC contends Hocin's IIED cause of action should be dismissed for two reasons. First, OLCC states Hocin's IIED claim is barred by the Worker's Compensation Act. And second, OLCC argues Hocin fails to state a plausible IIED cause of action. Hocin disputes these contentions. Because the Court's determination on whether Hocin states a plausible

IIED cause of action is dispositive, the Court need not resolve the question of whether this cause of action is barred by the Worker's Compensation Act.

Under South Carolina law, an IIED claim requires the plaintiff to show:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result for his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community; (3) the actions of the defendant caused by the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable [person] could be expected to endure it.

*Bass v. South Carolina Dept. of Social Services*, 780 S.E.2d 252, 260-61 (2015). The South Carolina Supreme Court mandates a "heightened burden of proof" with respect to the second and fourth elements of an IIED claim. *Id*. Therefore, the Court will begin its discussion with those two elements.

### 1. Whether Hocin has sufficiently alleged OLCC's conduct is "so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community"

The second element of an IIED claim requires the defendant's conduct be "so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community." *Bass*, 780 S.E.2d at 261. Hocin alleges OLCC's "conduct in threatening and then firing [him]…is so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable, in a civilized community." Complaint ¶ 37.

It is permissible for a court to hold as a matter of law, based on allegations contained in the complaint, the defendant's conduct is not so extreme and outrageous as to allow recovery for IIED. *Todd v. S.C. Farm Bureau Mutual Ins. Co.,* 278 S.E.2d 607, 609 (1981) *rev'd on*

*other grounds,* 321 S.E.2d 602 (1984), *quashed in part on other grounds*, 336 S.E.2d 472 (1985).

The defendants' conduct in *Gattison v. S.C. State College*, in which the plaintiff's superiors allegedly taunted him, threatened him with termination, and humiliated him in response to reports he made to the Board of Trustees in his role as an internal auditor, 456 S.E.2d 414, 418-19 (S.C. Ct. App. 1994), is certainly comparable to the alleged conduct in the immediate case. Despite the "unprofessional, inappropriate behavior" by the superiors in *Gattison,* the South Carolina Court of Appeals held the taunts, threats, and humiliation fell short of "conduct that exceeds all possible bounds of decency and is atrocious and utterly intolerable in a civilized society." 456 S.E.2d at 419.

South Carolina courts have also rejected emotional distress claims because conduct by an employer was not "sufficiently extreme or outrageous," and held retaliatory termination does not rise to the level of actionable outrage, even though it may cause mental anguish to the discharged employee. *Corder v. Champion Road Machinery Intern. Corp.*, 324 S.E.2d 79, 81 (S.C. Ct. App. 1984) (explaining why discharging an employee in retaliation for not withdrawing a worker's compensation claim is not "in itself the kind of extreme conduct which gives rise to" an IIED claim). If a plaintiff alleges retaliatory discharge, they are required to plead additional "outrageous" and "extreme" acts accompanying the discharge." *Id.* at 82.

Here, Hocin pleads he was harassed and "threatened in an effort to compel [him] to 'forget'" his wife's assault but does not go any further. Complaint ¶ 17. OLCC's alleged conduct is reprehensible, but Hocin's allegations, without anything more, fail to rise to the level of being "so extreme and outrageous as to exceed all possible bounds of decency" or

"atrocious, and utterly intolerable in a civilized community." *Bass*, 780 S.E.2d at 261.

Accordingly, Hocin has failed to demonstrate the required second factor of an IIED claim.

### 2. Whether Hocin has suffered emotional distress "severe so that no reasonable [person] could be expected to endure it."

The fourth element of an IIED claim requires "the emotional distress suffered by the plaintiff be severe so that no reasonable [person] could be expected to endure it." *Id*. Hocin alleges exactly that: "the emotional distress suffered by [Hocin] was severe so that no reasonable person could be expected to endure it." Complaint ¶ 40.

It is, of course, axiomatic a plaintiff must plead more than just the elements of his cause of action to withstand a Rule 12(b)(6) motion. Here, however, Hocin provides no factual allegation as to the emotional distress suffered. Merely describing the claimed stress and anxiety as "severe" does not transform it into something that "was severe so that no reasonable [person] could be expected to endure it." *Bass,* 780 S.E.2d at 261. Accordingly, Hocin fails to satisfy this element of his IIED claim.

The law requires the plaintiff in a case such as this satisfy all the elements of an IIED claim to survive a motion to dismiss. *Id*. But, the Court has already concluded Hocin failed to meet two of the four elements. *Id*. Therefore, the Court need not discuss the other two. Suffice it to say the Court concludes Hocin's IIED claim must be dismissed.

**V.      CONCLUSION**

Accordingly, for the reasons stated above, the OLCC's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 29th day of August, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE